## Cockrill, et al. v. First National Bank of Scottsville.

(Decided May 5, 1925.)

### Appeal from Allen Circuit Court.

1. Bills and Notes.—Loan on Note Before Notice of Infirmity Makes Lender Holder in Due Course to Extent of Loan.—Where note was delivered to bank in escrow to be held until payment of certain taxes, bank in advancing loan on note after payment of taxes was holder in due course to extent of loan, in absence of prior notice of infirmity.

2. Bills and Notes—Notice of Infirmity of Note which would Put Reasonable Man on Inquiry Sufficient.—Notice of infirmity in note which would put reasonable man on inquiry is sufficient to negative claim as holder in due course.

3. Bills and Notes—Notice that Maker was Going to Sue Payee of Note Sufficient Notice of Infirmity.—Notice by maker to transferee, before full payment for note, which was part purchase price for land, that maker had found shortage in acreage, and was about to sue payee, held sufficient as against claim of transferee as holder in due course.

OLIVER & DIXON for appellants.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

This appeal was by an order of this court consolidated with the appeal of W. C. Cockrill, etc. v. J. D. Chandler, etc., this day decided.

J. D. Chandler, on January 23, 1922, conveyed to W. C. Cockrill a tract of land in Allen county containing, as shown by the deed, 150 acres, for which Chandler agreed to pay him $7,000.00. Cockrill paid $6,000.00 and executed a note for $1,000.00 due in one year. The First National Bank of Scottsville brought this suit against Cockrill on the note, seeking a personal judgment and to enforce the lien on the land. Cockrill by his answer set up the fact that the tract of land in fact only contained 96½ acres; that what he had paid more than paid for the land that he got and that the bank was not a holder of the note in due course, but had taken it with notice of his defense. The bank by reply controverted the allegations of the answer, proof was taken and on final hearing the circuit court entered judgment in favor of the bank. Cockrill appeals.

Cockrill testifies that the day the note was given he and Chandler took it to the bank and left it there in escrow, the bank agreeing to hold it until it became due for the satisfaction of any claim accruing to Cockrill in regard to the land. He also testifies that later he learned about the shortage in the land and went to the banker and told him by all means to hold that note and not let it get out of his hands, that he was going to sue; that the banker said then that he had loaned Chandler $500.00 on the note and he told him he ought not to have done it. He did bring suit on that day and in that action recovered a judgment for $2,000.00, which has not been paid. On the other hand, the banker testifies that the note was delivered to him to hold until the taxes on the land were paid for that year and for no other purpose; that the taxes were paid later, and when the taxes were paid he delivered the note to Chandler. The taxes were paid after the sheriff got the tax books in August. He also testifies in chief that the bank bought the note in good faith without any notice of Cockrill's defense to it, but on cross-examination he testifies as follows:

"Q. Mr. Gardner, I will ask you if you remember a conversation with Mr. Cockrill at the bank on the date that he brought the suit against Chandler in which he told you that he was going to bring suit and said to you, 'I found that it is short in acreage and I am going to sue him, and you hold that note,' and if you said to him, 'Well, I have loaned Chandler $500.00 on that note already.' Do you remember any conversation like that? A. No, sir.

"Do you remember any conversation at all that is substantially that in which you ever told him that you had loaned $500.00? A. He come in and told me he was going to file suit on the shortage.

"Q. Did you ever loan Chandler $500.00 on the note? A. I think we loaned him $500.00 on one of these notes."

As to the $500.00 loaned on the note before the conversation above referred to took place, the bank is a holder of the note in due course if the banker's version of the terms on which the note was left is correct, and we cannot disturb the chancellor's finding in favor of the bank to this extent. But as to the remainder of the note a different question arises. The banker admits this

much of the conversation with Cockrill, "He come in and told me he was going to file suit on the shortage."

When Cockrill told him he was going to file suit on the shortage the statement must have been made before the suit was filed and this, as shown by the record, was March 15th. When Cockrill told him he was going to file suit on the shortage he was bound to know that Cockrill claimed a shortage and that to the extent of this shortage the note could not be collected; that is, he was bound to know that to this extent Cockrill was claiming a defense to the note. The rule is that a notice is sufficient which will put a reasonable man on inquiry, and it was the duty of the banker when he had this information on March 15th not thereafter to buy the note from Chandler without inquiry as to the suit on the shortage. We, therefore, conclude on the evidence of the banker himself that the money he paid Chandler for the note after March 15th was paid with notice of Cockrill's defense against the note, and that to this extent the bank was not a holder in due course. However, if Cockrill collects his judgment against Chandler he will have no defense to the note. On the return of the case to the circuit court it will be consolidated with the case of W. C. Cockrill against J. D. Chandler, etc., and the court will enter such orders and judgments as are necessary to protect the rights of both parties. If Cockrill fails to collect his whole judgment against Chandler, then to the extent of such failure to collect same he should not be required to pay one-half of the $1,000.00 note.

Judgment reversed and cause remanded for further proceedings consistent herewith.